UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

MARY NORWAY,
TERRI THOMAS,
and DEBORAH SHEA,

       Plaintiffs,

v.

SUNSHINE PEAK CORP. and
JAMES WESSON,

       Defendants.
_____/

## C O M P L A I N T

Plaintiffs, MARY NORWAY, TERRI THOMAS and DEBORAH SHEA, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, SUNSHINE PEAK CORP., and JAMES WESSON, and alleges as follows:

1. Plaintiffs bring this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiffs have been citizens and residents of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, SUNSHINE PEAK CORP. was Plaintiffs' employer as defined by law and a corporation conducting business in this judicial district.

6. At all times material hereto SUNSHINE PEAK CORP. had employees engaged in

interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, SUNSHINE PEAK CORP., upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, JAMES WESSON was Plaintiffs' employer as defined by law. JAMES WESSON had operational control over SUNSHINE PEAK CORP. and is directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, JAMES WESSON controlled the finances for SUNSHINE PEAK CORP.

9. At all times material hereto, Plaintiffs were individually engaged in interstate commerce while working for Defendants.

### COUNT I: FLSA RECOVERY OF MINIMUM WAGES

10. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 9 above.

11. Plaintiff MARY NORWAY worked for Defendants from approximately 2013 to April 13, 2019.

12. Plaintiff TERRI THOMAS worked for Defendants from approximately January 2016 to July 6, 2019.

13. Plaintiff DEBORAH SHEA worked for Defendants from approximately January 2013 to October 2016.

14. Plaintiffs worked for Defendants as servers.

15. Plaintiffs' primary duties and responsibilities included serving Defendants' customers at Defendants' restaurant, Café 776.

16. Plaintiffs were paid at a rate of minimum wage, minus the tip credit taken by

Defendants.

17. Plaintiffs were entitled to be paid at least the minimum wage.

18. Plaintiffs were entitled to retain all of their tips.

19. A portion of the Plaintiffs tips were unlawfully retained by the Defendants, ostensibly for a lost silverware fund.

20. During one or more workweeks, Defendants did not pay Plaintiffs the full minimum wage in violation of the FLSA, 29 U.S.C. §206.

21. Defendants knew or should have known of the unpaid and/or underpaid hours worked.

22. Plaintiffs were unlawfully denied the minimum wage in violation of the FLSA, 29 U.S.C. §206.

23. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

24. Plaintiffs are owed an additional amount equal to the amount of unpaid minimum wages as liquidated damages.

WHEREFORE, Plaintiffs hereby demand judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demand a trial by jury for all issues so triable.

### COUNT II: FLSA RECOVERY OF MINIMUM WAGES
### COLLECTIVE ACTION COUNT

25. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 9 above.

26. Plaintiff MARY NORWAY worked for Defendants from approximately 2013 to April 13, 2019.

27. Plaintiff TERRI THOMAS worked for Defendants from approximately January 2016 to July 6, 2019.

28. Plaintiff DEBORAH SHEA worked for Defendants from approximately January 2013 to October 2016.

29. Plaintiffs worked for Defendants as servers.

30. Plaintiffs' primary duties and responsibilities included serving Defendants' customers at Defendants' restaurant, Café 776.

31. Plaintiffs were paid at a rate of minimum wage, minus the tip credit taken by Defendants.

32. Plaintiffs were entitled to be paid at least the minimum wage.

33. Plaintiffs were entitled to retain all of their tips.

34. A portion of the Plaintiffs tips were retained by the Defendants, ostensibly for a lost silverware fund.

35. During one or more workweeks, Defendants did not pay Plaintiffs the full minimum wage in violation of the FLSA, 29 U.S.C. §206.

36. Defendants knew or should have known of the unpaid and/or underpaid hours worked.

37. Plaintiffs were unlawfully denied the minimum wage in violation of the FLSA, 29 U.S.C. §206.

38. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

39. Plaintiffs are owed an additional amount equal to the amount of unpaid minimum wages as liquidated damages.

WHEREFORE, Plaintiffs hereby demand judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demand a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

WE, MARY NORWAY, TERRI THOMAS and DEBORAH SHEA, hereby consent, pursuant to 29 U.S.C. §216(b), to become a party Plaintiffs in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. We further declare that the foregoing allegations are true and correct to the best of our knowledge and belief.

_____
MARY NORWAY, Plaintiff

_____
TERRI THOMAS, Plaintiff

_____
DEBORAH SHEA, Plaintiff

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiffs

By: /s/ Todd W. Shulby, Esq.
     Todd W. Shulby, Esq.
     Florida Bar No.: 068365